IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:14-CR-147 |
| DAVID MAYES, | ) | (VARLAN / SHIRLEY) |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on the Defendant's *pro se* Motion for Return of Property [Doc. 342], filed on March 3, 2017, and referred [Doc. 343] to the undersigned on March 8, 2017. The Defendant asks the Court to order the Drug Enforcement Administration ("DEA") to give him a hard copy printout of his contacts extracted from his cellular telephone and to return his cellular telephone, laptop computer, wallet, medication, and tools. He contends that these items were seized from his person at the time of his arrest and asks that they be released to a person whom the Defendant will designate.

Rule 41(g), formerly Rule 41(e), of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property . . . may move for the property's return . . . in the district where the property was seized." The Rule also states that "[t]he court must receive evidence on any factual issue necessary to decide the motion." "'The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated.'" *Savoy v. United States*, 604 F.3d 929, 932 (6th Cir. 2010) (quoting *United States v. Hess*, 982 F.2d 181, 186 (6th Cir.1992)). "[T]he burden is on the moving party to show that he or she is entitled to lawful possession of the

1

property." 3A Charles Allen Wright & Sarah N. Welling, *Federal Practice and Procedure* § 690 (4th ed. 2010); *see also Savoy*, 604 F.3d at 932-33. The movant must demonstrate that he or she is entitled to the property by a preponderance of the evidence. Wright & Welling, § 690.

In the instant case, Defendant Mayes has filed an affidavit, attached to his motion, stating that the property at issue was seized by the DEA at the time the Defendant was arrested. The Defendant states that he was sentenced on March 11, 2016. The Court observes that the Defendant's Judgment of conviction [Doc. 328] was entered on March 15, 2016, and that no direct appeal was filed. Accordingly, it does not appear that the listed items are still needed as evidence in the case. Also, it does not appear from the record that the Defendant forfeited any of the listed property.

On March 10, 2017, the undersigned ordered [Doc. 344] the Government to file a response on or before April 10, 2017, stating its position on the return of Defendant Mayes' property. The Court requested that the Government support its response with any documents and/or affidavits by persons with knowledge that are necessary to permit the Court to make the required findings of fact with regard to the property at issue. The Government has filed no response. Accordingly, the Court deems that the Government does not oppose the relief sought by Defendant Mayes. E.D. Tenn. L.R. 7.2 (providing that the "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought"). Based upon the Defendant's unopposed affidavit, the Court finds by a preponderance of the evidence that a laptop computer, a

2

cellular telephone, a wallet, medication, and tools seized from the Defendant's person at the time of his arrest in early December 2014[1] are the property of Defendant Mayes.

The undersigned **RECOMMENDS** that the Defendant's Motion for Return of Property [Doc. 342] be granted and that Chief United States District Judge Thomas A. Varlan order as follows:

> (1) That Defendant David Mayes send a letter to AUSA Davidson[2] designating the individual whom he authorizes to take custody of his property and providing contact information for that person;
>
> (2) That, within one month of receipt of Defendant Mayes' letter, AUSA Davidson or her designee return the following property seized from Defendant Mayes' person at the time of his arrest in early December 2014, to the individual designated by Defendant Mayes:
>
>> (a) Defendant Mayes' laptop computer,
>>
>> (b) Defendant Mayes' cellular telephone (and if an electronic information, including contact lists, telephone numbers, etc., was removed or "extracted" from the Defendant's cellular telephone, then this electronic information should be returned as well),

---

[1] An arrest warrant [Doc. 4] issued for Defendant Mayes on December 3, 2014. Defendant Mayes appeared before the undersigned on December 5, 2014, for an initial appearance on a criminal complaint.

[2] AUSA Davidson's address is:

AUSA Cynthia F. Davidson
U.S. Department of Justice (Knox USAO)
Office of US Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902

3

(c) Defendant Mayes' wallet,

(d) Defendant Mayes' prescription or over-the-counter medication (this does not include any illegal drugs seized from the Defendant's person), and

(e) Defendant Mayes' tools.

The Clerk of Court is **DIRECTED** to mail[3] a copy of this Report and Recommendation to the Defendant.[4]

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[3] Defendant Mayes address is:

David Mayes
Reg. No. 47976-074
FCI Ashland/P.O. Box 6001
Ashland, Kentucky 41105

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).

4