IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:14-CR-147-TAV-DCP |
| DAVID MAYES, | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on the Defendant's *pro se* Motion for Property to Be Released by U.S. Government to David Mayes Including Any and All Contacts from Verizon or Sprint Phones [Doc. 349], filed on July 10, 2017, and referred [Doc. 358] to the United States Magistrate Judge[1] on December 5, 2017. Chief United States District Judge Thomas A. Varlan granted [Doc. 350] the Defendant's first motion for return of property, ordering that, to the extent that it had not yet done so, the Government return the Defendant's laptop computer, cellular telephone, wallet, medications (not including any illegal drugs), and tools.[2] In his second request for the return of property, Defendant asks for the list of all contacts from his "Verizon and Sprint phones" and $18,000 in United States Currency.

### I. BACKGROUND

Defendant Mayes entered a guilty plea to one count of conspiracy to distribute 100 grams or more of heroin, and received a sentence of 130 months of imprisonment. The Judgment

---

[1] This motion was initially referred to United States Magistrate Judge C. Clifford Shirley, Jr., who retired in February 2018, and was reassigned to the undersigned thereafter.

[2] Chief District Judge Varlan adopted and incorporated Judge Shirley's Report and Recommendation, which listed the property to be returned.

1

[Doc. 328] of conviction was entered on March 15, 2016. The Court provided the following background in its January 2018 Memorandum and Order [Doc. 361]:

> Defendant Mayes previously moved [Doc. 342] for the return of the following property seized from his person at the time of his arrest: A cellular telephone, a laptop computer, a wallet, medication, and tools. He also asked the Court to order the Drug Enforcement Administration ("DEA") to give him a hard copy printout of his contacts extracted from his cellular telephone. On March 8, 2017, Chief United States District Judge Thomas A. Varlan referred [Doc. 343] this motion for return of property to the undersigned. On March 10, 2017, the undersigned ordered [Doc. 344] the Government to file a response to the Defendant's motion. On June 23, 2017, the Court entered a Report and Recommendation [Doc. 346], recommending that Chief Judge Varlan order the Government to return the Defendant's laptop computer, cellular telephone, wallet, prescription medication (not including any illegal drugs), and tools to the Defendant's designee. The Court also recommended [Doc. 346] that if any electronic information, including contact lists, telephone numbers, etc., was "extracted" from Defendant Mayes's cellular telephone, then this electronic information should also be returned to the Defendant's designee.
>
> On June 29, 2017, the Government filed a Notice of Compliance [Doc. 347], stating that the Defendant's son Ivan Mayes took possession of all items listed in the Defendant's motion, with the exception of the Defendant's medications, which had been comingled with illegal drugs. The Government attached two Property Release forms from the 5th Judicial District Drug / Violent Crime Task Force, showing that Ivan Mayes had collected the following items on December 8, 2014, and January 20, 2015: the Defendant's wallet, a mini-cassette recorder, a watch, two LG cellular telephones, a purple nylon case, a suitcase containing clothing, a backpack, an HP laptop with cord and wireless mouse, cleaning supplies, various tools and a tool bag, a microwave, a chair, headphones, glasses, a "Verizon" cellular telephone, two phone chargers, and $2.00 in pennies. The Government's Notice states that the DEA no longer has any property belonging to Defendant Mayes in evidence storage.
>
> . . . .
>
> The Court observes that following the undersigned's recommendation and the Government's Notice of Compliance, Chief Judge Varlan adopted [Doc. 350] the Report and Recommendation and ordered the Government to release the

property listed in the Report to the Defendant's designee, to the extent that it had not already done so, and to respond to Defendant's second motion for the return of property. On August 18, 2017, Defendant Mayes filed a notice [Doc. 353], which he calls a letter, naming his son Ivan Mayes as his designee to pick up his "Sprint Cell Phone, Copy of the Contacts from all Cell Phones with Sprint and Verizon, Money, and any other items authorized by the Court."

[Doc. 361 (fnt omitted)] The Court observes that the reference to "Money" in Defendant Mayes's August 2017 notice is the first mention of the Defendant seeking the return of currency.

On September 12, 2017, the Government responded [Doc. 357] in opposition to the Defendant's second motion for return of property, arguing that the Defendant had forfeited the currency seized during the execution of a search warrant at his home and that all of the Defendant's cellular telephones have been returned to his designee. The Defendant filed no reply to the Government's response. The Government's response relates that it mailed a copy of its response to Defendant Mayes at FCI Ashland, in Ashland, Kentucky. However, the Defendant was moved to FCI Beckley, in Beckley, West Virginia. Accordingly, on January 11, 2018, the Court ordered [Doc. 361] that a copy of the Government's response be mailed to the Defendant at FCI Beckley and also ordered that the Defendant file a reply to the response on or before February 16, 2018. The Defendant has failed to file the required response.

## II.    POSITIONS OF THE PARTIES

The Defendant asks [Doc. 349] the Court to amend its earlier ruling, which granted the return of his property, to require the Government to return $18,000 in United States currency and a paper copy of the contact list from all of his cellular telephones. The Defendant asserts that this $18,000 was money that he earned by completing jobs through the Plumbers and Steam Fitters Union. Additionally, Defendant Mayes states that the compliance notice provided by the Government did not list the return of his "Sprint phone," which he contends was the cellular telephone that the Government wiretapped. The Defendant states that he needs "the Contact List

(in paper format) of all of Mayes Contacts from all cellular phones." [Doc. 349, p.1] The Defendant also asks for any other relief the Court deems appropriate.

The Government argues [Doc. 357] that the Defendant has forfeited any interest in currency and that it has returned all of his cellular telephones. It states that during the execution of a search warrant at Defendant Mayes's residence on December 4, 2014, Drug Enforcement Administration ("DEA") agents seized marijuana, cocaine, heroin, prescription pain medication, and $11,500[3] from a kitchen trash can and a bedroom dresser drawer. The Government states that the DEA seized the $11,500 as drug proceeds and began administrative forfeiture proceedings on that money in December 2014. It contends that the DEA sent notice of the forfeiture proceedings via certified mail to the Defendant at his Maryville, Tennessee address and at the Blount County Detention Center ("Blount County jail"), where Defendant Mayes was detained pending his trial on federal drug charges. The DEA received a signed receipt from Ivan Mayes from the Maryville address [Doc. 357-1] and also received a signed receipt from the Blount County jail [Doc. 357-2], both of which it attached as exhibits to its response. The Government argues that the Defendant failed to object to the forfeiture of the money by the January 22, 2015 deadline. It contends that the $11,500 seized by the DEA was declared forfeited on March 18, 2015, after the time limit for filing a claim on the money had expired. The Government argues that because the Defendant's instant request for this money was made more than two years after the deadline for filing a claim expired, it should be denied as untimely. The Government also contends that all of the Defendant's cellular telephones have been returned to the Defendant's son Ivan Mayes.

---

[3] The Government also notes [Doc. 357, p.3, n.1] that the State of Tennessee seized $3,000.00 from Defendant Mayes at a traffic stop on December 4, 2014. It contends that Mayes was arrested during this traffic stop, which was separate from the execution of the search warrant at the Defendant's residence on December 4, 2014.

4

### III. FACTUAL FINDINGS

Based upon the search warrant and return, the affidavit filed in support of the Criminal Complaint [Doc. 3], the factual basis set out in the Defendant's plea agreement [Doc. 152], and the exhibits submitted by the Government [Docs. 347-1 and 357-1 to -4], the Court finds the following facts:

Defendant Mayes engaged in a heroin trafficking conspiracy from January 2014 to December 4, 2014, when he was arrested in the Western District of Virginia. [Doc. 152] On December 3, 2014, United States Magistrate Judge C. Clifford Shirley, Jr., issued a search warrant [Case No. 3:14-MJ-1083] for the search of the Defendant's residence. The search warrant was executed on December 4, 2014. The search warrant return states that in addition to controlled substances, agents seized an unspecified amount of United States currency from an OxyClean container located in a trash can in the dining room and from a dresser drawer in the master bedroom. Based upon the exhibits supplied by the Government, the Court finds that the DEA seized $11,500 from the Defendant's residence.[4] [Doc. 357-1 to -3]

The DEA sent a Notice of Seizure, dated December 18, 2014, to the Defendant at both his Maryville, Tennessee address and the Blount County jail. [Doc. 357-1 & -2] The DEA also published notice of the seizure. [Doc. 357-3] The Notice of Seizure sent to the jail was received by someone[5] at that location on December 22, 2014. [Doc. 357-2] The Notices of Seizure state that the $11,500 seized from the Defendant is drug proceeds and that the DEA seeks forfeiture of this currency. The Notices relate that the Defendant must request the remission or mitigation

---

[4] The Court also finds that $3,000 was seized from the Defendant on December 4, 2014, by the Fifth Judicial District Task Force. [Doc. 357-4]. This money was administratively forfeited to the State of Tennessee. [Doc. 357-4] Thus, this property is not in the possession of the United States.

[5] The Court observes that the signature on the Certified Mail Receipt is not legible.

5

of the seizure within thirty (30) days of receipt of the notice or, alternatively, may challenge the forfeiture in federal court by January 22, 2015. The Notice warns that the failure to comply with the described procedures to contest the forfeiture "will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding . . . in the future." [Doc. 357-1 & -2] The Defendant did not file a claim for the $11,500, and the currency was declared forfeited on March 18, 2015. [Doc. 357-3]

The Government returned three cellular telephones, which were seized from the Defendant at the time of his arrest, to the Defendant's son Ivan Mayes on December 8, 2014, and January 20, 2015. [Doc. 347-1]

## IV. ANALYSIS

Rule 41(g), formerly Rule 41(e), of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property . . . may move for the property's return . . . in the district where the property was seized." The Rule also states that "[t]he court must receive evidence on any factual issue necessary to decide the motion." "'The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated.'" *Savoy v. United States*, 604 F.3d 929, 932 (6th Cir. 2010) (quoting *United States v. Hess*, 982 F.2d 181, 186 (6th Cir.1992)). "[T]he burden is on the moving party to show that he or she is entitled to lawful possession of the property." 3A Charles Allen Wright & Sarah N. Welling, *Federal Practice and Procedure* § 690 (4th ed. 2010); *see also Savoy*, 604 F.3d at 932-33. The movant must demonstrate that he or she is entitled to the property by a preponderance of the evidence. Wright & Welling, § 690.

### A. Lack of Prosecution

First, the Court finds that Defendant Mayes' request for the return of currency and contacts should be denied for want of prosecution. Defendant Mayes provides no proof, nor sworn statement, that the Government is in possession of currency that belongs to him. Instead, the Court has only his bare assertion that the Government has $18,000, which he claims is money that he earned while working jobs for the Plumbers and Steam Fitter's Union. The Court observes that the Defendant failed to mention either this substantial sum, or any amount of money, in his initial motion for the return of property. "[A] claimant may abandon a claim to seized items by not requesting their return in the request filed for the other items seized." *Savoy*, 604 F.3d at 938.

Moreover, the Defendant does not even state that the Government seized this money from him in connection with this case, although he implies that this currency was part of the property, which was seized at the time of his arrest and which the Court has already found should be returned. In his motion, Defendant Mayes states that "the facts and evidence in the record of the Court" provide "ample evidence" that the Government failed to return $18,000 belonging to him. [Doc. 349, p.1] However, Defendant Mayes fails to point out any of this evidence to the Court. The Defendant does not provide an affidavit stating the currency belongs to him, and he did not attest to the truth of the statements in his motion under penalty of perjury.[6] Although the preponderance of the evidence standard is not a heavy burden of proof, the Court finds that the Defendant has failed to present any proof whatsoever in support of his claims.

---

[6] The Defendant states in the certificate of service, under penalty of perjury, that that he mailed a copy of his motion to the Court for the prosecution. However, he does not attest to the truth of his allegations within the motion. *See* 28 U.S.C. § 1746.

7

Additionally, the Defendant failed to reply to the Government's argument that he forfeited the currency seized during the search of his residence. The Government filed its response [Doc. 357] on September 12, 2017. On January 11, 2018, Judge Shirley directed [Doc. 361] the Clerk of Court to mail a copy of the Government's response to Defendant Mayes at his new place of incarceration and *ordered* Defendant Mayes to file a reply to the Government's response on or before February 16, 2018. The docket reflects that a copy of this Order was also mailed to Defendant Mayes. Defendant Mayes did not file a reply, as ordered, by the February 16, 2018 deadline or in the intervening months.[7] Accordingly, the Court finds that, not only did Defendant Mayes fail to prove by a preponderance of the evidence that the Government seized $18,000 that belonged to him, the Defendant has now abandoned this claim by failing to file the reply ordered by the Court. The Court recommends that Defendant Mayes' motion for return of $18,000 and cellular telephone contacts be denied for want of prosecution. *See Link v. Walbash R.R.*, 370 U.S. 626, 630-31 (1962) (holding that court has inherent power to dismiss an action *sua sponte* for failure to prosecute).

### B. Forfeiture

Alternatively, the Court also recommends the Defendant's motion be denied because the Defendant failed to contest the forfeiture of currency seized from his home within the time to do so. The Government provides two Notice of Seizures [Docs. 351-1 & -2], both dated December 18, 2014, stating that the DEA seized $11,500 in United States Currency belonging to David Mayes from Ivan Mayes and Melinda Dawn Cox in Maryville, Tennessee, on December 4, 2014. The Notices state that the DEA seized the currency because it is drug proceeds and that the

---

[7] The Court notes that Judge Shirley also ordered the Government to respond to Defendant Mayes's reply by March 2, 2018, which the Government could not do in the absence of Defendant's reply.

8

Defendant must request the remission or mitigation of the seizure within thirty (30) days of receipt of the notice or, alternatively, may challenge the forfeiture in federal court by January 22, 2015. The Notice warns that the failure to comply with the described procedures to contest the forfeiture "will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding . . . in the future." [Doc. 357-1 & -2]

One of the Notices of Seizure was mailed to the Defendant at his Maryville, Tennessee residence [Doc. 357-1], and the other was mailed to the Defendant at the Blount County jail [Doc. 357-2]. Attached to each Notice, the Government has provided a Certified Mail Receipt. The receipt attached to the Notice mailed to the Maryville address states that the Notice was delivered on December 20, 2014, and Ivan Mayes signed the receipt upon delivery. [Doc. 357-1, p.2] The receipt attached to the Notice mailed to the jail states that the Notice was delivered on December 22, 2014. [Doc. 357-2, p.2] This receipt is also signed, but the signature is illegible. The Government provides a Declaration of Forfeiture [Doc. 357-3], which states that the $11,500 seized from Mayes was declared forfeited to the United States on March 18, 2015. The Declaration relates that notice of the seizure was sent to "all known parties who may have a legal or possessory interest in the property" and that notice of the seizure was also published, with no claim asserted within thirty days of the last date of publication. Thus, the Court finds that the $11,500 was administratively forfeited to the DEA.

The Court examines briefly whether the forfeiture comported with the Due Process clause of the Fifth Amendment, which prohibits the United States from depriving any person of property without due process of law. Section 983, entitled "General rules for civil forfeiture proceedings," states in pertinent part that "in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute," the Government must send "written notice to interested parties . . . in a

9

manner to achieve proper notice as soon as practicable[.]" 18 U.S.C. § 983(a)(1)(A)(i). The statute goes on to set out the procedure for making a claim against property subject to civil forfeiture:

> (A) Any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure.
>
> (B) A claim under subparagraph (A) may be filed not later than the deadline set forth in a personal notice letter (which deadline may not be earlier than 35 days after the date the letter is mailed), except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure.

18 U.S.C. § 983(a)(2).

With regard to notice of forfeiture of property, "the Due Process Clause . . . requires only that the Government's effort [to notify a party of forfeiture proceedings] be 'reasonably calculated under all the circumstances'" to notify the defendant of the impending forfeiture. *Dusenbery v. United States*, 534 U.S. 161, 169 (2002) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane*, 339 U.S. at 315. "The adequacy of notice is measured at the time the notice was sent." *United States v. Latham*, 54 F. App'x 441, 444 (6th Cir. 2002). Actual notice, however, is not required. *Dusenbery*, 534 U.S. at 171. Instead, the Government must show a reasonable attempt to provide actual notice. *Id.* at 170-71. In *Dusenbery*, the Supreme Court affirmed that notice sent via certified mail to the federal prison at which the defendant was incarcerated and which had procedures in place for logging prisoner mail and delivering it to prisoners was reasonably calculated to provide the Defendant with notice. *Id.* at 168-71. "Service by certified mail is a constitutionally adequate method of notice." *Latham*, 54 F. App'x at 445. In the instant case, the Court finds that the Notice sent by the DEA to the Blount County jail, where the Defendant was incarcerated, was reasonably

10

calculated to apprise the Defendant of the pendency of the forfeiture action for the currency. Thus, the Court finds that the Government provided constitutionally adequate notice of the seizure of the $11,500 and the forfeiture proceeding.

Finally, the Court observes that the Defendant has been notified that whether he received notice of the forfeiture is at issue. [*See* Doc. 361] Nevertheless, the Defendant failed to reply to the Government's response as ordered or to state why he is entitled to the $11,500 in light of the forfeiture. Although he has the burden to show that he is entitled to the property he seeks, the Defendant has never even asserted, much less shown by a preponderance of the evidence, that the Notice of Seizure was not delivered to him at the Blount County jail or that he failed to receive notice of the forfeiture. The undersigned recommends that the Defendant's motion for the return of the $11,500 be denied.

The Court also finds that the Government has returned all of the cellular telephones seized from the Defendant to his son, whom the Defendant designated to receive his property. Accordingly, the Defendant's request for a paper list of the contacts from his cellular telephone should also be denied.

## V.   CONCLUSION

The Defendant has abandoned his motion for the return of property by failing to file a reply, as ordered by the Court. The Defendant has also failed to prove by a preponderance of the evidence that he is entitled to the requested property. Accordingly, the undersigned respectfully **RECOMMENDS** that the Defendant's Motion for Property to Be Released by U.S. Government to David Mayes Including Any and All Contacts from Verizon or Sprint Phones [**Doc.**

**349**] be denied.[8]  The Clerk of Court is **DIRECTED** to mail[9] a copy of this Report and Recommendation to the Defendant.

          Respectfully submitted,

          *Debra C. Poplin*
          Debra C. Poplin
          United States Magistrate Judge

---

[8] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008*); see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

[9] Defendant Mayes address is:

David Mayes
Registration No. 47976-074
FCI Beckley
Federal Correctional Institution
P.O. Box 350
Beaver, WV  25813

12

Case 3:14-cr-00147-TAV-DCP   Document 366   Filed 07/05/18   Page 12 of 12
PageID #: 2562